STATE of Minnesota, Plaintiff,

v.

Debra Dee CARITHERS, Clark Gaylord Gladwin, Defendants.

No. C9–91–2423.

Court of Appeals of Minnesota.

May 5, 1992.

Review Granted June 30, 1992.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Michael Freeman, Hennepin County Atty., Lisa A. Berg, Asst. County Atty., Minneapolis, for plaintiff.

William Kennedy, Hennepin County Public Defender, Renee J. Bergeron, Asst. Public Defender, Robert G. Davis, Minneapolis, for defendants.

Considered and decided by HARTEN, P.J., and PARKER and CRIPPEN, JJ.

## OPINION

PARKER, Judge.

This is a certified question, arising from two consolidated trial court cases, asking whether the third-degree murder provision for drug overdose deaths, Minn.Stat. § 609.195(b) (1990), can be applied to persons whose sharing of heroin caused their spouses' deaths. We answer the question in the affirmative, reverse the trial court's order, and remand the case for trial.

## FACTS

Debra Carithers' husband died from opiate poisoning. Defendant Carithers admitted she purchased $150 worth of heroin for the two of them to split. She used half of the heroin and saved the remainder for her husband, putting it in a hiding place. When he returned home, she showed him where the heroin was hidden and then left the house. Her husband injected himself and was found dead the next morning.

Defendant Clark Gladwin, along with his wife, rode with a friend to purchase heroin. Gladwin made the purchase while his wife

waited in the car. When they reached home, Gladwin prepared the heroin, placed it in two syringes and gave one to his wife. They injected themselves at the same time. Gladwin's wife died of this overdose.

Carithers and Gladwin were separately charged. Each moved to dismiss the charges, and the trial court combined the two cases for hearing, finding they presented essentially the same fact situation. Gladwin and Carithers consented to a joint certification of the question. The trial court concluded that the third-degree murder statute could not be applied to the conduct of Gladwin and Carithers.

### ISSUE

When a married couple jointly acquires a Schedule I controlled substance, and one of the partners uses that substance and subsequently dies from a drug overdose, did the legislature intend that the surviving partner be subject to prosecution under Minn.Stat. § 609.195(b)?

### DISCUSSION

The third-degree murder statute provides in part:

Whoever, without intent to cause death, proximately causes the death of a human being by, directly or indirectly, unlawfully selling, giving away, bartering, delivering, exchanging, distributing, or administering a controlled substance classified in schedule I or II, is guilty of murder in the third degree * * *.

Minn.Stat. § 609.195(b) (1990).

The parties agree, and the trial court found, that this statute was enacted in reaction to *State v. Aarsvold*, 376 N.W.2d 518, 522 (Minn.App.1985), *pet. for rev. denied* (Minn. Dec. 30, 1985), in which this court held that the second-degree felony murder statute (Minn.Stat. § 609.19(2) (1984)) did not apply to "the sole act of selling cocaine" resulting in the death of the purchaser. The legislature, rather than amending the felony murder statute, created a new statutory offense for drug-overdose deaths.

This court in *Aarsvold* applied the common law felony murder doctrine in construing Minnesota's felony murder statute. *Aarsvold*, 376 N.W.2d at 521. We are concerned not with application of the common law felony murder rule to these facts, but with the much narrower issue of whether defendants' conduct fits within the statutory definition of the new third-degree murder section.

It is the province of the legislature to define what acts constitute a crime. *State v. Witt*, 310 Minn. 211, 215, 245 N.W.2d 612, 615 (1976). Penal statutes are to be strictly construed. *See State v. Soto*, 378 N.W.2d 625, 627 (Minn.1985) (criminal offenses should not be created by doubtful statutory construction). However, when the language of a statute is clear, there is no resort to rules of construction such as that governing penal statutes. *State v. Forsman*, 260 N.W.2d 160, 164 (Minn. 1977). Words in a statute are to be construed according to their common usage. Minn.Stat. § 645.08(1) (1990).

■ Defendant Carithers went by herself to purchase heroin, brought it home and left half of it in a hiding place known to her husband, after informing him of the purchase. "To deliver" is defined as meaning "[t]o take to the intended recipient." *American Heritage Dictionary* 349 (1969). The definition concerns itself with the possession of the property delivered, not with the property rights of those involved in the delivery. *See also Webster's New Universal Unabridged Dictionary* 481 (2nd ed. 1983) ("to give or transfer; to put into another's possession or power"). Similarly, the statute applies to "[w]hoever * * * [delivers]" the controlled substance, making no distinction based on marital relationship or respective property rights. Minn.Stat. § 609.195(b) (1990).

■ Defendant Gladwin went with his wife to purchase heroin. He made the purchase and they returned home, where he prepared two syringes, one for himself and one for his wife. "To distribute" is defined as meaning "[t]o divide and dispense in portions; parcel out." *American Heritage Dictionary* 383 (1969). It is also defined as meaning "[t]o divide among two

or more; to deal out." *Webster's New Universal Unabridged Dictionary* 535 (2nd ed. 1983). Gladwin's conduct fits both definitions.

The legislature, in drafting Minn.Stat. § 609.195(b), imported into the third-degree murder statute the list of acts that defines "sale" of a controlled substance. *See* Minn.Stat. § 152.01, subd. 15a (1990). The breadth of that definition is within the legislature's province to define the criminal act. *See generally Witt*, 310 Minn. at 215, 245 N.W.2d at 615. Defendants' suggestion that the definition be read in the context of drug trafficking is contrary to the rule of statutory construction. *See* Minn. Stat. § 645.08(1) (words are construed according to their common usage). Defendants' definition would artificially limit the scope of the statute, which plainly applies to their conduct.

## DECISION

The third-degree murder statute, Minn.Stat. § 609.195(b), applies to a married person jointly acquiring heroin with his or her spouse and "distributing" or "delivering" the drug to the spouse.

Certified question answered in the affirmative, trial court order reversed, and case remanded for trial.